# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

JULIE NICHOLS,

       Plaintiff,

  v.

NEW YORK STATE TROOPER
MATTHEW J. HAMMILL,

       Defendant.

---

Case No.  6:26-CV-1452 (MAD/ML)

**42 U.S.C. § 1983 COMPLAINT
FOR DAMAGES**

**UNLAWFUL ENTRY & SEIZURE**

**EXCESSIVE FORCE**

**DEMAND FOR JURY TRIAL**

---

HACKER MURPHY, LLP
James C. Knox, Esq.
Bar Roll No. 517109
Alishah Bhimani, Esq.
Bar Roll No. 704214
*Attorneys for Plaintiff*
22 Corporate Woods Boulevard, Suite 404
Albany, NY   12211
Telephone: 518-274-5820

NOW COMES Plaintiff, **JULIE NICHOLS**, by and through her attorneys, **HACKER MURPHY, LLP**, complaining of Defendant **NEW YORK STATE TROOPER MATTHEW J. HAMMILL**, and alleges as follows:

## JURISDICTION

1.      This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      Defendant violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution by using unreasonable and excessive force against her.

## PARTIES

4.      Plaintiff is a resident of the State of New York.

5.      At all relevant times, upon information and belief, Defendant was a duly appointed and acting law enforcement officer employed by the New York State Police, acting within the course and scope of his employment and under color of state law. Defendant is sued in his individual capacity.

## DEMAND FOR JURY TRIAL

6.      Plaintiff demands a trial by jury on all issues so triable.

## FACTS

7.      On or about September 11, 2025, Defendant arrived at Plaintiff's residence, located at 9765 Prospect Street, Remsen, New York, in response to a request for a welfare check made by Plaintiff's adult son.

2

8.    Plaintiff's son, who requested the welfare check, was not present at Plaintiff's residence, had not seen Plaintiff for several months, and the precise content of his communication with law enforcement is presently unknown to Plaintiff.

9.    Plaintiff answered the door to her residence and briefly spoke with Defendant while remaining inside her home.

10.    Plaintiff posed no threat or danger to herself, Defendant, or any other person.

11.    Plaintiff was not committing any crime, and no criminal activity existed inside Plaintiff's home.

12.    Plaintiff refused to consent to entry into her residence by Defendant.

13.    Without a warrant, probable cause, exigent circumstances, consent, or any other lawful justification, Defendant forcibly entered Plaintiff's home, intentionally shoved Plaintiff to the ground, and fractured Plaintiff's back by driving his knee into Plaintiff's back, using his full body weight.

14.    Plaintiff was face down on the ground, while Defendant knelt on Plaintiff's fractured back and put handcuffs on plaintiff.

15.    Defendant using excessive force, then forcibly placed Plaintiff into his patrol vehicle, against her will.

16.    Although he was aware, or reasonably should have been aware, that Plaintiff had sustained traumatic injuries, Defendant did not call for emergency medical services, but instead personally transported Plaintiff to Wynn Hospital in his patrol vehicle, where he continued to

handle Plaintiff in a rough and unnecessary manner, thereby unnecessarily aggravating the injuries he had already inflicted.

17. At Wynn Hospital, Plaintiff was diagnosed with a closed fracture of the ninth thoracic vertebra.

18. Plaintiff was never charged with a crime.

## COUNT I
**Fourth Amendment – Unlawful Warrantless Entry and Unreasonable Seizure**
**(42 U.S.C. § 1983)**

19. Plaintiff repeats and realleges each and every allegation above as if set forth fully herein.

20. The Fourth Amendment to the United States Constitution protects individuals against unreasonable searches and seizures, including warrantless entry into a person's home absent consent, probable cause coupled with exigent circumstances, or another recognized exception to the warrant requirement.

21. At all relevant times, Plaintiff was lawfully present inside her home and possessed a clearly established constitutional right to be free from unreasonable governmental intrusion into her residence.

22. Plaintiff posed no threat or danger to herself, Defendant, or any other person.

23. Notwithstanding, Defendant entered Plaintiff's home without a warrant, without Plaintiff's consent, without probable cause, without exigent circumstances, and without any other lawful justification.

24. Defendant thereafter intentionally and forcibly seized Plaintiff by physically restraining, handcuffing, and removing her from her home against her will, despite lacking probable cause or other legal authority to do so.

25. Defendant's warrantless entry into Plaintiff's home and subsequent seizure of Plaintiff were objectively unreasonable and violated Plaintiff's rights under the Fourth Amendment to the United States Constitution.

26. At the time of Defendant's conduct, the constitutional prohibition against warrantless entry into a private residence absent a warrant, consent, exigent circumstances, or another recognized exception, was clearly established and a reasonable law enforcement officer would have known that such conduct was unlawful.

27. As a direct and proximate result of Defendant's unlawful entry and unreasonable seizure, Plaintiff suffered deprivation of her constitutional rights, physical injury, emotional distress, pain and suffering, medical expenses, lost income, and other compensatory damages.

28. Defendant's conduct was intentional, willful, malicious, and/or undertaken with reckless or callous indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to an award of punitive damages.

## COUNT II
### Excessive Force
### (42 U.S.C. § 1983)

29. Plaintiff repeats and realleges each and every allegation above as if set forth fully herein.

30.    Defendant, by the actions described above, used excessive force against Plaintiff on or about September 11, 2025, in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

31.    As a direct and proximate result of the use of excessive force by Defendant, Plaintiff was permanently injured and damaged.

32.    Plaintiff's damages include serious personal and permanent injuries, loss of use and motion, pain and suffering, emotional and psychological distress, medical expenses, loss of income, and other compensatory damages.

33.    Defendant's conduct was intentional, willful, malicious, and/or undertaken with reckless or callous indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

a. Award compensatory damages in an amount to be determined at trial;

b. Award punitive damages against Defendant in an amount to be determined by the jury;

c. Award reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

d. Award the costs and disbursements of this action; and

e. Award such other and further relief as the Court deems just and proper.

Dated: July 27, 2026      HACKER MURPHY, LLP


By:_____.
   James C. Knox
   Bar Roll No. 517109


By:_____.
   Alishah Bhimani
   Bar Roll No. 704214
*Attorneys for Plaintiff*
Office & P.O. Address
22 Corporate Woods Boulevard, Suite 404
Albany, NY    12211
Telephone:    518-274-5820

7